UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **KAREEMAH WILLIAMS**,<br>18401 Landseer Road<br>Cleveland, OH 44119<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**PARTNERS FOR PAYMENT RELIEF, LLC**,<br>c/o Registered Ohio Statutory Agent, Inc.<br>2644 Kull Road<br>Lancaster, OH 43130<br><br>-and-<br><br>**BARHAM LEGAL, LLC**<br>c/o Registered Ohio Statutory Agent, Inc.<br>2644 Kull Road<br>Lancaster, OH 43130<br><br>-and-<br><br>**DANIEL BARHAM**<br>2644 Kull Road<br>Lancaster, OH 43130<br><br>　　　　Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Kareemah Williams ("Williams"), through counsel, for her Complaint against Defendants Partners for Payment Relief, LLC ("PPR"), Barham Legal, LLC ("BL") and Daniel Barham ("Barham") (collectively "Defendants") states as follows:

**WHY WILLIAMS IS FILING THIS COMPLAINT**

1.　　This Complaint arises from Defendants' failure to produce evidence of any right to enforce a note and any right to enforce a mortgage at trial.

1

2. The Ohio Supreme Court has held that a party seeking foreclosure of a mortgage need not be present evidence of standing upon the filing of a foreclosure complaint, but the foreclosing party must provide that evidence prior to seeking judgment. *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, 31 N.E.3d 637, ¶ 1.

3. By proceeding to trial in the foreclosure action despite the lack of standing, the Defendants violated the Fair Debt Collection Practices Act (FDCPA) by making false representations as to the character, amount, and legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2); by attempting to take action that could not legally be taken in violation of 15 U.S.C. § 1692e(5); and by using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

## PARTIES, JURISDICTION, AND VENUE

4. Williams is a natural person and the owner of residential real property and improvements located at and commonly known as 18401 Landseer Road, Cleveland, Ohio 44119 (the "Home").

5. Williams currently maintains the Home as her primary, principal residence, and has so maintained for all times relevant to the allegations of this Complaint.

6. PPR is a limited liability corporation incorporated under the laws of the State of Pennsylvania that is registered to do business in the State of Ohio as of July 17, 2014. Upon belief, PPR's principal place of business is located at 3748 West Chester Pike, Suite 103, Newtown Square, Pennsylvania 19073. Upon further belief, the primary business practice of PPR is the purchaser and collection of non-first lien residential mortgage loans in default.

7. BL is a domestic limited liability company under the laws of the State of Ohio. Upon belief, BL maintains its principal place of business at 2644 Kull Road, Lancaster, Ohio 43130. BL is a "debt collector" as that term is defined by federal statutes.

8. Barham is an attorney licensed to practice in the State of Ohio. At all relevant times herein and upon belief currently, Barham is employed by BL. Barham is a "debt collector" as that term is defined by federal statutes.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), as this action arises under the FDCPA.

10. This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

11. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Williams maintains the Home as her primary residence within this District, Defendants do business within this District, and the actions giving rise to the causes of action in this Complaint, *infra*, occurred primarily within this District.

**INTRODUCTION**

12. Williams is a "consumer" as that term is defined by federal statute and R.C. 1345.01(D).

13. PPR, Barham, and BL are each debt collectors as that term is defined by federal statute and also each Defendant is a "supplier" as that term is defined by R.C. 1345.01(C).

14. Williams's transactions with Defendants are "consumer transactions" as that term is defined by R.C. 1345.01(D) because Williams purchased the mortgage for the primary purpose of personal, family, or household use.

3

15. Williams has a private right of action under the FDCPA pursuant to 15 U.S.C. § 1692k(d) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

16. Williams has a private right of action under the Ohio Consumer Sales Practices Act (OCSPA) for the claimed breaches and such action provides for remedies including actual damages, costs, treble damages, statutory damages, and attorneys' fees.

**FACTUAL BACKGROUND**

17. Williams restates and incorporates all of her statements and allegations contained in paragraphs 1 through 16, in their entirety, as if fully rewritten herein.

18. Williams purchased the Home as her primary, principal residence on or about June 25, 1998, and financed the purchase through a note executed by Williams and a mortgage on the Home that allegedly secures the note.

19. On or about September 5, 2000, Williams obtained financing from Millennium Bank, N.A. and executed a note (the "Note") and a mortgage on the Home that allegedly secures the Note (the "Mortgage") (collectively, the "Loan"). The Loan is attached as *Exhibit 1*.

20. On March 17, 2017, PPR initiated foreclosure proceedings against Williams in the case captioned *Partners for Payment Relief, LLC vs. Kareemah H. Williams, et al.*, in the Court of Common Pleas for Cuyahoga County, Ohio and assigned Case Number CV-17-877514 (the "Foreclosure"). The Foreclosure Docket is attached as *Exhibit 2*.

21. PPR filed a complaint in the Foreclosure (the "Foreclosure Complaint") seeking 1) Judgment that PPR was the legal owner and holder of the Note and Mortgage; 2) Judgment of

$23,012.40 plus interest, costs, and attorney's fees; and, 3) Foreclosure of the Mortgage and sale of the Home. The Foreclosure Complaint is attached as *Exhibit 3*.

22. PPR represented in the Foreclosure Complaint that:

(a) "[D]espite the loss of the actual Assignment of Mortgage from the prior holder to [PPR], [PPR] is in possession of the original Note and original Mortgage. [PPR] shall produce the original Note and Mortgage for inspection by the Court or any other party upon reasonable request." *See Exhibit 3*, p. 4, ¶ 6.

(b) "[PPR] is the legal owner and holder of the Note and Mortgage." *See Exhibit 3*, p. 4, ¶ 7.

23. On October 5, 2017, the trial court magistrate issued a decision denying PPR's Motion for Summary Judgment, noting that "THE CASE RECORD FAILS TO ESTABLISH THAT PLAINTIFF PROPERLY HOLDS THE MORTGAGE AND PROMISSORY NOTE AT ISSUE IN THIS CASE." The October 5, 2017 Magistrate Decision is attached as *Exhibit 4.*

24. On November 14, 2017, the trial court magistrate entered an order denying Williams' motion for judgment on the pleadings, stating that "WHILE THE MAGISTRATE ALSO NOTES THAT THE DOCUMENTS ATTACHED TO THE COMPLAINT APPEAR TO CONTRADICT THE MATERIAL ASSERTIONS IN THE COMPLAINT, THE MAGISTRATE NOTES THAT A TRIAL IS CURRENTLY SCHEDULED IN THIS CASE, AT WHICH A FULL PRESENTATION AND CONSIDERATION OF EVIDENCE AND THE MERITS OF THE PARTIES' CLAIMS, WILL BE RESOLVED." The November 14, 2017 Order is attached as *Exhibit 5.*

25. On February 5, 2018, the Foreclosure was set for trial before Magistrate Christopher E. Day and the trial was conducted on that day with Barham, as BL, prosecuting the claims of PPR. *Exhibit 2* at p. 1.

26. PPR, BL, and Barham presented no evidence to address the deficiencies in the Complaint and Exhibits noted in the prior magistrate's decisions. PPR, BL, and Barham knew or should have known, particularly given the prior magistrate's orders, that they would not prevail at trial on the foreclosure claim without evidence to establish standing.

27. Prior to trial, Williams had no way of knowing if PPR, BL, and Barham would be able to produce evidence of standing at trial.

28. Despite the lack of evidence to prove standing, PPR, BL, and Barham proceeded with the trial, thereby violating the FDCPA by making false representations as to the character, amount, and legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2); by attempting to take action that could not legally be taken in violation of 15 U.S.C. § 1692e(5); and by using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

29. On March 23, 2018, Magistrate Day made his findings of fact and conclusions of law (the "Magistrate Decision"), holding that PPR did not have standing to bring the Foreclosure because it failed to "demonstrate[e] its status as 'holder' of the Note or the Mortgage." The Magistrate Decision is attached as *Exhibit 6*.

30. On April 10, 2018, Judge Dick Ambrose adopted the Magistrate Decision. *See Exhibit 2*.

## COUNT ONE
## VIOLATIONS OF THE FDCPA, 15 U.S.C. §§ 1692, *et seq*. - ALL DEFENDANTS

31. Williams restates and incorporates all of her statements and allegations contained in paragraphs 1 through 30, in their entirety, as if fully rewritten herein.

32. Williams is a "consumer" as she is a natural person and resident of Cuyahoga County, Ohio obligated or allegedly obligated to pay the Loan. 15 U.S.C. § 1692a(3).

33. The Loan is a "debt" as Williams incurred the debt for personal, household, or family use. 15 U.S.C. § 1692a(5); *see also Exhibit 2*, at pp. 12-18.

34. PPR is a "debt collector" because it regularly uses the mails and/or telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly through its agents such as counsel, debts in the form of residential mortgage loans, primarily non-first lien residential mortgage loans, in default. PPR operates what is believed to be a nationwide delinquent debt collection business, attempting to collect debts from consumers in virtually every state, including consumers in the State of Ohio via collection letters, phone calls, credit reports, and/or lawsuits. In fact, PPR for all times herein the Complaint was acting as a debt collector, as that term, is defined by the FDCPA, as to the alleged delinquent consumer debt it attempted to collect from Williams. 15 U.S.C. § 1692a(6).

35. BL and Barham are "debt collectors" pursuant to 15 U.S.C. §1692(a)(6) because BL and Barham regularly collect debts asserted to be owed to another. 15 U.S.C. § 1692a(6).

36. The Loan was in default at the time Defendants began to attempt to collect the debt as Defendants claimed that the Loan has been in default since November 1, 2008. *See Exhibit 3*, ¶ 9.

37. Under Ohio law, "although the plaintiff in a foreclosure action must have standing at the time suit is commenced, proof of standing may be submitted subsequent to the filing of the complaint." *Wells Fargo Bank, N.A. v. Horn*, 31 N.E.3d 637, 643 (Ohio 2015).

38. PPR, as well as Barham and BL as agents of PPR, had the opportunity to prove that it had standing to bring the Foreclosure during the February 5, 2018 trial but ultimately failed to establish that its status as the "holder" of the Note or the Mortgage. *See Exhibit 4* at p. 2; *see also Exhibit 4*, at p. 11-18

39. Defendants' violations of the FDCPA occurred on February 5, 2018 and therefore this action is not barred by the statute of limitations. *Id.*

40. Defendants violated 15 U.S.C. § 1692e(2) by making false representations as to the character, amount, and legal status of the alleged debt by falsely representing that PPR had standing to bring the Foreclosure.

41. Defendants violated 15 U.S.C. § 1692e(5) by attempting to take action that could not legally be taken - attempting to obtain a judgment on the Note and foreclose the Mortgage.

42. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt

43. Defendants' actions have directly and proximately caused Williams to incur attorneys' fees and costs for preparation for and representation in the trial in an amount of $11,123.50.

44. As a result of the actions of PPR and its agents Barham and BL, Defendants are liable jointly and severally to Williams for actual damages of $11,123.50, statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)

## COUNT TWO
## VIOLATIONS OF OHIO REVISED CODE § 1345.02(A) - ALL DEFENDANTS

45. Williams restates and incorporates all of her statements and allegations contained in paragraphs 1 through 30, in their entirety, as if fully rewritten herein.

46. The OCSPA is a state consumer protection law prohibiting unfair and deceptive acts and practices by suppliers before, during, or after a consumer transaction. R.C. 1345.02(A).

47. The illegal, improper, and abusive debt collection practices of each Defendant in violation of the FDCPA as described in Count One also constitute unfair and deceptive practices in violation of the OCSPA.

48. Williams is a consumer, the Debt is a consumer transaction, and PPR, Barham, and BL are suppliers as defined by the OCSPA. R.C. 1345.01.

49. Additionally, Defendants made the following false, deceptive, and misleading statements in the course of pursuing the Foreclosure against Williams all in violation of R.C. 1345.02(A):

(a) The allegation in the Foreclosure Complaint that PPR had the right to enforce the Note, when the copy of the Note attached to the Foreclosure Complaint was payable to a party other than PPR. *See Exhibit 3*, at p. 3, ¶ 5.

(b) The allegation in the Foreclosure Complaint that PPR is the legal owner and holder of the Note and Mortgage. *See Exhibit 3*, at p. 3, ¶ 7.

(c) The allegation in the Sweeney Affidavit attached to the Foreclosure Complaint that Sweeney had reviewed the Foreclosure Complaint and that the attached exhibits were true and accurate to demonstrate that PPR was entitled to enforce the note and mortgage. *See Exhibit 3*, at p. 7.

50. As a consequence of Defendants' conduct, Williams has incurred legal fees, costs, and expenses in excess of $19,000.00 in defending a foreclosure action PPR had no right to commence, on a debt PPR, Barham, and BL had no right to collect.

51. As a consequence of Defendants' conduct, Williams has faced the risk of losing her family home to foreclosure, and experienced fear, humiliation, loss of sleep, anxiety, and emotional distress.

52. Each Defendants' conduct toward Williams was outrageous, willful, and wanton, and shows a reckless disregard for Williams's rights.

53. Williams is entitled to recover from PPR, Barham, and BL jointly and severally actual damages of at least $19,000.00, statutory damages, and non-economic damages in the amount of $5,000.00 pursuant to R.C. 1345.09(B).

54. Williams is also entitled to treble damages against PPR, Barham, and BL jointly and severally, as Defendants' violations are known violations of the OCSPA based upon the attached judgments contained in the public inspection file maintained by the Ohio Attorney General, attached as ***Exhibit 7***.

55. Williams is also entitled to reasonable costs, and attorneys' fees incurred in maintaining this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kareemah Williams requests that this Court enter its order granting judgment against Defendants Partners for Payment Relief, LLC, Barham Legal, LLC, and Daniel Barham for the following:

10

  A. For an award of actual damages of at least $11,023.50 against all Defendants jointly and severally for the allegations contained in Count One;

  B. For an award of actual damages of at least $19,000.00 against all Defendants jointly and severally for the allegations contained in Count Two;

  C. For an award of statutory damages of $1,000.00 against all Defendants jointly and severally for the allegations contained in Count One;

  D. For an award of statutory damages of $200.00 against all Defendants jointly and severally for the allegations contained in Count Two;

  E. For an award of non-economic damages of $5,000.00 against all Defendants jointly and severally for the allegations contained in Count Two;

  F. For an award of treble damages against each Defendant, as applicable, for the allegations contained in Count Two;

  G. For an award of Williams's reasonable attorneys' fees and costs in the prosecution of this action for the allegations contained in Count One and/or alternatively Count Two; and

  H. For all such other relief which this Court may deem appropriate.

           Respectfully submitted:

           <u>/s/ Marc E. Dann</u>
           Marc E. Dann (0039425)
           Brian D. Flick (0081605)
           Michael A. Smith, Jr. (0097147)
           Dann Law
           P.O. Box 6031040
           Cleveland, OH 44103
           Phone: (216) 373-0539
           Facsimile: (216) 373-0536
           notices@dannlaw.com
           *Counsel for Plaintiff Kareemah Williams*

## JURY DEMAND

Williams hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

>/s/ Marc E. Dann
> Marc E. Dann (0039425)
> Michael A. Smith, Jr. (0097147)
> Dann Law
> *Counsel for Plaintiff Kareemah Williams*