# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **KAREEMAH WILLIAMS,** | ) | **CASE NO. 1:19CV264** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **PARTNERS FOR PAYMENT RELIEF** | ) | **OPINION AND ORDER** |
| **INC., ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendants Partners for Payment Relief, LLC.,'s ("PPR"), Daniel Barham's ("Barham") and Barham Legal, LLC.'s ("BL") Motion to Dismiss. (ECF # 7). For the following reasons, the Motion is denied.

According to Plaintiff Kareemah Williams' ("Williams") Complaint, Defendants wrongfully attempted to foreclose on Williams' home, located at 18401 Landseer Road, Cleveland, Ohio 44119, by continuing to represent they were the holder and owner of the Note and Mortgage though they lacked standing to bring a foreclosure action. As a result, Plaintiff alleges Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and Ohio Revised Code Section 1345.02(A) of the Ohio Consumer Sales Practices Act ("OCSPA").

## **Factual Background**

According to her Complaint, Williams purchased her home on or about June 25, 1998. Williams financed the purchase through a note secured by a mortgage on the home. On September 5, 2000, Williams obtained subsequent financing from Millennium Bank, N.A. and executed a Note secured by a Mortgage. On March 17, 2017, PPR initiated foreclosure proceedings against Williams in Cuyahoga County Court of Common Pleas. The foreclosure complaint alleged PPR was the legal owner and holder of the Note and Mortgage, requested judgment in the amount of $23,012.40 and requested foreclosure and subsequent sale of the house.

PPR asserted it had lost the actual assignment of the mortgage but represented it had possession of the original Note and Mortgage. In the foreclosure action, Defendants moved for summary judgment. On October 5, 2017, the trial court magistrate issued a decision denying PPR's Motion, holding that PPR failed to establish it had standing to bring a foreclosure action.

A trial was held on February 5, 2018, but Defendants presented no new evidence to address the deficiencies in the Complaint. Defendants tried the case despite knowing they could not establish standing. At the conclusion of the trial, the Magistrate issued his Findings of Fact and Conclusions of Law, holding that Defendants lacked standing to bring the foreclosure Complaint. On April 10, 2018, the state trial court adopted the Magistrate's holding.

Williams asserts Defendants violated 15 U.S.C. § 1692e(2) by falsely representing the

character, amount, and legal status of the alleged debt and falsely alleging they had standing to bring the foreclosure.

Williams further asserts Defendants violated § 1692e(5) by attempting to take an action that could not be legally taken in attempting to obtain a judgment on the Note and a foreclosure on the Mortgage and violated § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

Williams also claims Defendants violated the OCSPA by making the false statements that PPR was the legal owner and holder of the Note and Mortgage; that PPR had the legal right to enforce the Note; and, that exhibits attached to the foreclosure Complaint were true and accurate and demonstrated PPR's right to enforce the Note and Mortgage.

Defendants now move to dismiss Williams' claims contending that the trial court erred in holding Defendants' lacked standing to enforce the Note and Mortgage; Williams has failed to assert sufficient facts that Defendants were debt collectors as defined by the FDCPA; pursuit of a foreclosure claim does not violate the FDCPA or OCSPA; and, Williams failed to allege facts sufficient to show Defendants were suppliers engaged in a consumer transaction under the OCSPA.

## **LAW AND ANALYSIS**

### **Standard of Review**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact

pleading of specifics, but only enough facts to state a claim to relief that is plausible on its

face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary

element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed

*Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to
> dismiss can choose to begin by identifying pleadings that, because
> they are no more than conclusion, are not entitled to the assumption
> of truth. While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations. When there
> are well-plead factual allegations a court should assume their veracity
> and then determine whether they plausibly give rise to an entitlement
> to relief. *Id.* at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint

and any exhibits attached thereto, public records, items appearing in the record of the case and

exhibits attached to defendant's motion to dismiss so long as they are referred to in the

complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259

F.3d 493, 502 (6th Cir. 2001).

**<u>Standing and Res Judicata</u>**

Williams alleges that Defendants violated the FDCPA and OCSPA by proceeding to trial

without standing to pursue foreclosure and, in doing so, made several allegedly false

representations concerning their status as owner and holder of the Note and Mortgage.

According to Defendants, Williams' FDCPA and OCSPA claims must be dismissed because

Defendants produced sufficient evidence at the foreclosure trial, demonstrating PPR had standing

to pursue a foreclosure action.  Defendants argue that Ohio law recognizes that negotiation of a note secured by a mortgage operates as an equitable assignment of the mortgage.  Because the Note in question was physically transferred to PPR, it constituted an equitable assignment.  According to Defendants, the foreclosure Magistrate's decision erroneously concluded that the evidence produced by Defendants failed to demonstrate PPR was the holder of the Note and could, therefore, proceed with foreclosure.  Because Defendants argue they produced sufficient evidence demonstrating standing to foreclose, there was no violation of the FDCPA and OCSPA and Williams' claims must be dismissed.

Williams contends Defendants' Motion to Dismiss must be denied because the state court has already decided the issue of Defendants' standing to foreclose and this Court cannot revisit it.  According to Williams,  Defendants should have challenged the decision in the foreclosure action.  By failing to do so, Defendants are barred from bringing the action in federal court under the doctrine of issue preclusion.

In holding that Defendants lacked standing to foreclose, the Magistrate specifically determined that:

> Plaintiff failed, however, to establish its status as a "person entitled to enforce" the Note, as Plaintiff could establish neither that it was a holder of the Note through negotiation, nor a nonholder on the Note in possession with the rights of a holder.

(ECF #1-6 pg 17).

> As Plaintiff cannot present an actual mortgage assignment to itself and has not sought any additional findings from this Court that would address the lack of the mortgage assignment, Plaintiff has failed to establish its ability to enforce the terms of the Mortgage.

(Id.)

The Magistrate concluded:

5

Without demonstrating its status as "holder" of the Note or the Mortgage, Plaintiff cannot establish its standing to bring this case.

(Id. pg. 18).

Defendants respond that issue preclusion is not applicable in the matter before the Court because the Magistrate's decision, subsequently adopted by the trial court, was a dismissal without prejudice and therefore was not a final judgment on the merits. This is evidenced by the Magistrate's conclusion that, "the case can be considered as never having properly existed.." (ECF 1-6 pg 18).

The Court must first examine whether it has jurisdiction to determine whether Defendants' defense that the state court wrongly determined they lacked standing in the foreclosure action has merit. The Sixth Circuit has held that, "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pieper v. Am. Arbitration Ass'n, Inc.,* 336 F.3d 458, 460 (6th Cir. 2003). However, the United States Supreme Court has instructed federal courts that "[i]f a federal plaintiff presents an independent claim, even one that denies a state court's legal conclusion in a case to which the plaintiff was a party, there is jurisdiction, and state law determines whether the defendant prevails under preclusion principles." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 282, 125 S. Ct. 1517, 1520 (2005). Thus, as an initial matter, this Court has jurisdiction over Williams' claims, regardless whether the parties challenge a legal conclusion of the state court as Williams' claims implicate, in part, federal statutes and concern this Court's federal question jurisdiction.

Williams contends that issue preclusion requires that the Court find that Defendants are

estopped from asserting they had standing to bring the foreclosure action and are further estopped from arguing they are owner and/or holder of the Note and Mortgage.

"The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Fort Frye Teachers Ass'n, OEA/NEA v. State Employment Relations Bd.,* 81 Ohio St. 3d 392, 395, 692 N.E.2d 140, 144 (1998). The doctrine of collateral estoppel, or issue preclusion, "preclu[des] [ ] the relitigation in a second action of an issue * * * that ha[s] been actually and necessarily litigated and determined in a prior action." *Goodson v. McDonough Power Equip., Inc.,* 2 Ohio St.3d 193, 195, 443 N.E.2d 978 (1983). In Ohio, courts apply the following elements when determining whether collateral estoppel applies: "(1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous action after a full and fair opportunity to litigate the issue; (3) the issue was admitted or actually tried and decided and was necessary to the final judgment; and (4) the issue was identical to the issue involved in the new action." *Mitchell v. International Flavors & Fragrances, Inc.*, 179 Ohio App. 3d 365, 371 (Ohio App. 1st Dist.2008). "The essential test in determining whether the doctrine of collateral estoppel is to be applied is whether the party against whom the prior judgment is being asserted had full representation and a 'full and fair opportunity to litigate that issue in the first action.'" *Cashelmara Villas Ltd. Partnership v. DiBenedetto*, 87 Ohio App.3d 809, 813, (Ohio App. 8th Dist.1993). "When applying the doctrine of collateral estoppel, federal courts must adopt the

same doctrine of collateral estoppel as the state in which the earlier judgment was rendered." *Shroyer v. Frankel,* 197 F.3d 1170, 1178 (6th Cir. 1999).

Under Ohio law, "the lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice.*" Fed. Home Loan Mortg. Corp. v. Schwartzwald,* 134 Ohio St. 3d 13, 22–23 (2012). "Because res judicata only applies to 'valid, final judgments,' an order must be final and appealable to preclude further litigation of the issue." *Fifth Third Mtge. Co. v. Goodman Realty Corp.,* 3d Dist. Hancock No. 5-08-30, 2009-Ohio-81, 2009 WL 57577, ¶ 20. (Ohio App. 3rd Dist 2009). "...[W]here a case is dismissed because the court did not have jurisdiction, such as in this case where service has not been perfected, the dismissal is always otherwise than on the merits." *Thomas v. Freeman,* 79 Ohio St. 3d 221, 225 (1997). Standing "goes to [a c]ourt's subject matter jurisdiction." *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir.2007).

There is conflicting Ohio law on the issue of whether a dismissal without prejudice for lack of standing forecloses relitigation of the issues that were adjudicated in order to determine standing. In *Deutsche Bank Nat'l Tr. Co. v. Baxter,* No. 104585, 2017-Ohio-1364, ¶ 22, (Ohio App. 8th Dist. 2017), the Eighth District Court of Appeals found that issue preclusion did not prevent a bank from relitigating the issue of standing when the trial court dismissed the original action without prejudice for lack of standing.

However, in *Diagnostic & Behavioral Health Clinic, Inc. v. Jefferson County Mental Health, Alcohol and Drug Addiction Board,* No. 01JE 5, 2002 Ohio 1567, 2002 WL 924458 (Ohio App. 7th Dist 2002), the Seventh District Court of Appeals held that, despite a dismissal

for lack of standing, collateral estoppel precluded a party from relitigating the issues that were instrumental in the trial court's determination of standing. See also, *Heller v. Pre-Paid Legal Services, Inc.*, No. 26376, 2013 Ohio 680, 2013 WL 752093 (Ohio App. 9th Dist 2013) (holding that despite a without prejudice dismissal for lack of jurisdiction, even if that determination is incorrect, "any issues underlying and on which the court premised its determination regarding its lack of jurisdiction are dispositive and retain preclusive effect.").

In considering whether to apply collateral estoppel in light of the conflicting, yet non-binding Ohio law, there is a distinguishing feature in these cases. In *Diagnostic*, the Court relied on the fact that the time to appeal the without-prejudice-dismissal had run, making the determination a final decision. Here, the parties have not discussed whether the statute of limitations has run on the foreclosure action such that it could be refiled. Therefore, the Court cannot say whether the foreclosure court's dismissal is a final order or not.

Thus, the Court holds that based on the arguments presented , it cannot determine whether res judicata bars relitigation of Defendants' status as a holder or owner of the Note and Mortgage. It is unclear from the filings in this matter whether the statute of limitations has run on Defendants' foreclosure action and consequently, whether Defendants may still refile the foreclosure action. Therefore, the Court cannot determine whether there has been a final decision.

Furthermore, regardless of the issue of collateral estoppel, the Sixth Circuit has expressly held that a determination on standing in a state court action is not dispositive whether the alleged false statements in the foreclosure action are material. " [W]e disagree that the issue of standing in Ohio, even if resolved in [creditor's] favor, has any bearing on whether misidentifying a

creditor is materially misleading under the Fair Debt Collection Practices Act." *Wallace v. Washington Mutual Bank, F.A., et al.,* 683 F.3d 323, 327, (6th Cir. 2012). The Sixth Circuit disagreed with district courts that found "standing to bring a foreclosure action as dispositive of whether a statement was materially misleading under the Act." *Id.* In a footnote in the *Wallace* Opinion the Sixth Circuit stated, "certainly, should the Ohio courts decide that Washington Mutual did not have standing to bring the foreclosure action in the first place, the materiality of the false statement of ownership would be patent. However, even if Ohio holds the opposite, the Act protects the unsophisticated consumer from false statements tending to mislead or confuse—whether Washington Mutual may ultimately succeed in an Ohio court in its foreclosure action has no bearing on whether the initial false statements misled Wallace."

In light of the above precedent, the Court holds that the issue of collateral estoppel is more appropriately addressed after discovery when the Court will have before it all the relevant facts as to the materiality of the alleged misrepresentations and the finality of the state court decision. Furthermore, the FDCPA permits certain defenses such as the bona fide error defense that would not preclude the Court from considering the evidence presented by Defendants at trial. Thus, the Court may revisit this issue on summary judgment after further briefing and discovery.

**Are Defendants Debt Collectors**

Defendants dispute that they are debt collectors as defined by the FDCPA. PPR argues that according to the allegations in Plaintiff's Complaint, "[u]pon further belief, the primary business practice of PPR is the purchaser (sic) and collection of non-first lien residential mortgage loans in default." (Complaint para 6). However, Defendants contend that a party that

collects its own debts is not a debt collector under the statutory definition. In *Henson v. Santander Consumer USA Inc.,* 137 S. Ct. 1718, 1721–22,(2017), the United States Supreme Court considered whether a debt purchaser who acquires defaulted debts and then collects on them qualifies as a debt collector under the FDCPA. The Supreme Court held that " ...a debt purchaser.....may indeed collect debts for its own account without triggering the statutory definition." The Supreme Court reasoned that the FDCPA's definition of "debt collector" means " any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6). Consequently, because Williams alleges PPR purchases and collects debts in default, Defendants argue that Williams' FDCPA claim against PPR must fail as PPR is not a debt collector since it only sought to collect on a debt it owned.

Williams responds that PPR is a debt collector under the FDCPA's definitions because the FDCPA contains three separate definitions for debt collector and the Complaint alleges PPR "regularly uses the mails and or telephone in its business the principal purpose of which is to collect or attempt to collect directly or indirectly through its agents such as counsel debts in the form of residential mortgage loans.... ( Complaint para. 34). Furthermore, Williams points the Court to the foreclosure Complaint and its attachments wherein PPR admitted it was a debt collector.

A review of the FDCPA definition of "debt collector" in § 1692a(6) reveals that there are three separate categories in which a defendant may qualify as a debt collector:

(1)  any person who uses any instrumentality of interstate commerce or the mails in any

business the principal purpose of which is the collection of any debts;

(2) any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and

(3) any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

Defendants are correct that someone who collects debts on his own behalf is not a debt collector under the second definition, but Williams' Complaint alleges PPR's principal business purpose is the collection of debts. There is no dispute that Williams is a consumer and that the Mortgage and Note were primarily for personal, family or household purposes. Thus, the allegations in the Complaint sufficiently allege PPR is a debt collector because its principal business purpose is the collection of debts.

Defendants further assert that Williams' Complaint fails to state a claim against Barham Legal under the FDCPA because Barham acted solely for the purpose of enforcing a security interest in the foreclosure action. Defendants rely on the definition of "debt collector" in § 1692a(6) which reads in pertinent part: "For the purpose of section 1692f(6) of this title, such term ["debt collector"] _**also**_ includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." (Emphasis added). Defendants rely primarily on the United States Supreme Court decision in *Obduskey v. McCarthy & Holthus LLP,* 139 S. Ct. 1029, 1039 (2019), wherein the Supreme Court reviewed whether a party who solely enforced security interests via nonjudicial foreclosures qualified as debt collectors under the general definition of debt collector

under FDCPA found in 1692a(6). The Supreme Court determined that Congress's insertion of the term "also" meant that those who bring actions solely to enforce security interests are not subject to the FDCPA general definition of "debt collector" though the decision was decidedly limited to nonjudicial foreclosures. " [F]or here we consider nonjudicial foreclosure. And whether those who judicially enforce mortgages fall within the scope of the primary definition is a question we can leave for another day." *Id.* Defendants contend the Supreme Court's reasoning should exclude from the definition of "debt collector" those persons, such as Barham Legal, who enforce security interests via judicial foreclosures as well.

Plaintiff responds that *Obduskey* is limited to nonjudicial foreclosures, thus, the Court must apply current binding precedent which holds that attorneys engaged in mortgage foreclosures are debt collectors. See *Glazer v. Chase Home Finance, LLC.,* 704 F.3d 453 (6th Cir. 2013) (holding that lawyers whose principal business purpose is mortgage foreclosure or who regularly perform judicial foreclosure actions meet the FDCPA definition of debt collector.)

It is undisputed that the Supreme Court in *Obduskey* found that lawyers enforcing security interests via nonjudicial foreclosures are not debt collectors under the FDCPA. ("In our view, the last sentence does (with its § 1692f(6) exception) place those whose "principal purpose ... is the enforcement of security interests" outside the scope of the primary "debt collector" definition, § 1692a(6), where the business is engaged in no more than the kind of security-interest enforcement at issue here—nonjudicial foreclosure proceedings." *Obduskey*, 139 S. Ct. at 1031. However, the allegations in Williams' Complaint state Defendants Barham Legal and Daniel Barham are debt collectors because "they regularly collect debts asserted to be owed to another." (Complaint para 35). Whether this fact is true or not remains to be litigated, however, the

allegations in the Complaint are sufficient to support Williams' claim that Defendants are debt collectors under the FDCPA. Furthermore, because the Supreme Court did not determine whether security interest enforcers via judicial proceedings are covered under the general definition of debt collector under the FDCPA, the Court is still bound by the Sixth Circuit's holding in *Glazer*. Therefore, the Court holds Plaintiff's Complaint's sufficiently alleges that Barham and Barham Legal are debt collectors because they regularly collect debts owed to another.

**Williams' Complaint and Sufficiency of Factual Allegations**

Defendants challenge the plausibility of Williams' FDCPA claims, contending that Williams' allegations fail to state a claim for FDCPA violations. Williams' Complaint alleges violations of §1692e(2) and (5), which bar misrepresentations of the character, amount or legal status of a debt and any threat to take action that cannot legally be taken or that is not intended to be taken, respectively. Williams further asserts a claim for violation of §1692f, which bars the use of unfair or unconscionable means to collect or attempt to collect a debt. Lastly, Williams asserts a violation of the OCSPA, O.R.C. § 1345.02(A), which prohibits unfair and deceptive acts and practices by suppliers in a consumer transaction.

According to Defendants, Williams' federal and state claims fail because Defendant PPR was the holder of the Note and Mortgage and therefore, no false representations were made in connection with the foreclosure action in state court. "In order to establish a claim under § 1692e: (1) plaintiff must be a "consumer" as defined by the Act; (2) the "debt" must arise out of transactions which are "primarily for personal, family or household purposes;" (3) defendant must be a "debt collector" as defined by the Act; and (4) defendant must have violated § 1692e's

prohibitions." *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F.Supp.2d 914, 926 (N.D. Ohio 2009). "Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006). "In addition, in applying this standard, we have also held that a statement must be materially false or misleading to violate Section 1692e." See *Miller v. Javitch, Block & Rathbone,* 561 F.3d 588, 596–97 (6th Cir.2009) (noting that statements cannot mislead unless they are material and non-material statements are not actionable). To qualify as a material statement means that in "addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Wallace,* 683 F.3d 326–27.

An "FDCPA complaint will survive a motion to dismiss 'where a plaintiff alleges that the plaintiff in an underlying debt collection says that it was the owner of a debt, all the while knowing that [it] did not have the means of proving that debt.'" *Clark v. Lender Processing Servs., 562 F. App'x 460, 466 (6th Cir. 2014)* quoting *Turner v. Lerner, Sampson & Rothfuss,* 776 F.Supp.2d 498, 506 (N.D.Ohio 2011). See also *Munger v. Deutsche Bank*, No. 1:11-CV-00585, 2011 WL 2930907, at *10 (N.D. Ohio July 18, 2011). (Plaintiff's FDCPA claim would survive a motion for judgment on the pleadings where it alleged debt collector filed a foreclosure action even though it had knowledge that the assignment it relied on was invalid and thus, lacked means to prove a right to collect.)

Williams' FDCPA claims stem directly from the decision of the state court that Defendants failed to offer evidence sufficient to show that they were the owner and holder of the Note and Mortgage in order to confer upon them standing to foreclose. Williams alleges the

state court denied summary judgment for Defendants on the issue of standing based on the evidence provided by Defendants in the Motion. Thus, when the case went to trial and Defendants offered no new evidence that they were the owner and/or holder of the Note and Mortgage, they had knowledge they could not plausibly demonstrate they were the owner and holder and thus, by continuing to prosecute the action at trial, violated § 1692e.

The Sixth Circuit has held that misidentifying the owner and holder of a Note or Mortgage states a claim for a violation of the FDCPA. "District courts have decided, and we agree, that a clearly false representation of the creditor's name may constitute a "false representation ... to collect or attempt to collect any debt" under Section 1692e." *Wallace,*. 683 F.3d at 327, quoting *Hepsen v. J.C. Christensen and Assocs., Inc.,* No. 8:07–CV–1935–T–EAJ, 2009 WL 3064865, at *5 (M.D.Fla. Sept. 22, 2009) ("imposing liability based on a statement incorrectly identifying the name of a creditor comports with the purposes of the Act"). Because Williams has asserted Defendants misrepresented they were the holder and owner of the Note and Mortgage, her Complaint plausibly alleges a violation of the FDCPA §1692e(2).

Defendants seek dismissal of Williams FDCPA claim under §1692e(5). They argue that there can be no FDCPA violation under § 1692e(5) when Defendants actually filed a foreclosure action instead of merely threatening to do so. However, the Sixth Circuit has held, albeit with a vigorous dissenting opinion, that the filing of a complaint may constitute a "threat" under § 1692e(5). See *Stratton v. Portfolio Recovery Assocs.*, LLC, 770 F.3d 443, 451 (6th Cir. 2014), as amended (Dec. 11, 2014). ("And from the perspective of the least sophisticated consumer it is also a "threat" by PRA "to take action that cannot legally be taken." See also *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529,535 (6th Cir. 2014) (holding that complaints, liens, and other

"[c]ourt filings can be a threat under the FDCPA."). Thus, the Court finds Defendants' representations in the foreclosure action support Williams' claim for violation of § 1692e(5) of the FDCPA.

Defendants further assert that Williams has failed to sufficiently allege that Defendants' purported misrepresentations of their owner or holder status were materially false or misleading because Williams never claims she was deceived, confused or delayed in who to contact to resolve the alleged debt. Williams never alleges she was mislead about the amount due under the Note, the terms of the Note, or that she was confused as to who could enforce the Note or that the Note was in default. She does not allege Defendants executed misleading affidavits or assignments of the Note, therefore, there can be no FDCPA violation.

Again, the Sixth Circuit has quoted approvingly district courts that have held "an FDCPA complaint will survive a motion to dismiss 'where a plaintiff alleges that the plaintiff in an underlying debt collection says that it was the owner of a debt, all the while knowing that [it] did not have the means of proving that debt.'" *Clark v. Lender Processing Servs.*, 562 F. App'x 460, 466 (6th Cir. 2014) quoting *Turner v. Lerner, Sampson & Rothfuss*, 776 F.Supp.2d 498, 506 (N.D.Ohio 2011). In *Clark*, the Sixth Circuit reviewed whether plaintiffs who were defendants in foreclosure actions stated claims for FDCPA violations when they alleged that the foreclosing parties were determined to have standing in the foreclosure actions despite irregularities in assignments. The Sixth Circuit affirmed the district court's dismissal of the FDCPA claims finding that there were no materially false statements made in the foreclosure actions when the trial court determined the foreclosing party had standing to pursue the claims.

Here, in contrast to the *Clark* case, the parties are in the opposite posture because the

foreclosing party was found to lack standing by the state court. In this circumstance the Sixth Circuit has stated, " where the only misleading aspect of a communication or statement is that the statement implies that the lender has standing to foreclose when it did not, whether or not the lender does in fact have the right to foreclose appears to settle the matter." *Id* at 467.

Regarding Williams claim under 1692f, the Sixth Circuit has noted, " the FDCPA does not define an "unfair or unconscionable" practice under § 1692f, but, with the caveat that it is not limiting the general application of the term, it sets forth a non-exhaustive list of conduct that rises to that level," including, "taking or threatening to take an action to dispossess or disable property when there is no present right in the property..." *Currier*, 762 F.3d at 534. Because Williams' Complaint alleges Defendants lacked standing to foreclose because they could not show they were the owner or holder of the mortgage, her FDCPA claim under § 1692f survives.

Defendants also point the Court to the Sixth Circuit decision in *Galati v. Manley Deas Kochalski,* 622 Fed. App'x. 473 (6th Cir. 2015), wherein the Sixth Circuit affirmed the district court's dismissal of plaintiff's FDCPA claim arising out of a state court foreclosure action. In *Galati*, plaintiff alleged defendants violated the FDCPA by pursuing foreclosure when an indorsement of the promissory note they sought to enforce named an entity other than defendant. In dismissing plaintiff's FDCPA claim, the district court noted that plaintiff did not allege she was confused or misled by the indorsement nor did she allege she was confused as to whom the payments were due. Instead, plaintiff alleged a "mere technical deficiency" in the assignment, which the district court held was not an FDCPA violation.

In affirming the dismissal, the Sixth Circuit held that the "filing of the foreclosure action does not have the natural consequence of harassing, abusing, or oppressing Plaintiffs." *Id.* at 476.

The Sixth Circuit went on to say, " Plaintiffs have failed [to] raise a question as to whether any alleged misrepresentations were material, as they have not alleged they relied on them or were misled by them in any way." *Id.* Also, there were no allegations that defendants executed misleading affidavits or falsified documents, consequently, there was no FDCPA violation.

Here, Defendants contend their foreclosure action similarly contained a technical issue with the entity's name in a prior assignment. There was no falsification of the assignment nor any misleading filing and Williams does not allege she was confused or misled by the foreclosure filings. Therefore, according to Defendants, the reasoning of the Sixth Circuit in *Galati* applies to the allegations in this matter.

Williams responds that Defendants were put on notice by the state court's denial of Defendant's Motion for Summary Judgment that the chain of title did not evidence they had standing to bring a foreclosure action against Williams, yet Defendants reasserted they were the owner and holder of the Note and Mortgage in their trial brief and at trial. Thus, by continuing to pursue the foreclosure, Defendants knew they did not have the means to prove they were the holder and owner of the Note and Mortgage.

The Court holds that, given the facts in this case, Williams  has sufficiently pled an FDCPA violation because, arguably, Defendants knew, at least by the time the state court issued its summary judgment opinion, they did not have the means to prove they were the holder and owner of the Note and Mortgage yet continued to pursue the foreclosure. At this stage of the proceedings the Court must assume the allegations in the Complaint are true.

**OCSPA**

Defendant Barham Legal moves to dismiss Williams' claim of a violation of the Ohio

Consumer's Sales Practices Act O.R.C. § 1345.02(a), because Barham Legal is not a "supplier" as defined by the Act. The OCSPA requires that the supplier effect or solicit a consumer transaction. Barham Legal asserts it merely interacted with Williams when it was hired by PPR to manage the foreclosure process. [O. R. C.] Section 1345.02(A) provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." The OCSPA defines "supplier" as " a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." O.R.C. § 1345.01(C).

Although the OCSPA does not expressly address debt collection practices, "State and federal courts in Ohio have held that the OCSPA applies to debt collectors and to litigation activities." *Taylor v. First Resolution Invest. Corp.,* 148 Ohio St. 3d 627, 631 (2016). In *Taylor*, the Ohio Supreme Court held that the OCSPA "provides protections for consumer debtors against debt collectors and their attorneys." *Id* at 654. More specifically, it held that debt buyers collecting on credit-card debt and their attorneys are subject to the OCSPA. *Id* at 65. The Ohio Supreme Court in Taylor further held that law firms that solicit debtors in an effort to effect recovery or the resolution thereof are suppliers subject to the OCSPA. *Id* at 656. In a mailing sent to Williams from Barham dated March 23, 2016, Defendants informed Williams she was subject to foreclosure unless she paid the total amount secured or she could "cure your breach by entering into an alternative arrangement with PPR." (ECF # 7-1 (pg. 24). Consequently, under *Taylor,* because Defendants solicited Williams in connection with the collection of a consumer debt, they are subject to Williams' OCSPA claim because she has sufficiently plead they are

20

suppliers.

Because federal and Ohio courts have found that false representations in connection with debt collection litigation are actionable under the OCSPA, the Court holds that the allegations in Plaintiff's Complaint plausibly state a claim for OCSPA violations against Barham Legal.

Therefore, for the foregoing reasons, the Court denies Defendants' Motion to Dismiss.

IT IS SO ORDERED.


Date: February 28, 2020      s/Christopher A. Boyko
                       CHRISTOPHER A. BOYKO
                       Senior United States District Judge